UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TINO A. NORFLEET,

    Plaintiff,

v.                                Case No.:  2:24-cv-182-SPC-KCD

CHARLOTTE COUNTY JAIL,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Tino Norfleet's Complaint (Doc. 1). Norfleet is an inmate in Lee County Jail. United States Magistrate Judge Kyle Dudek granted Norfleet leave to proceed *in forma pauperis*, so the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Norfleet must correct certain deficiencies of his Complaint before the Court can conduct a meaningful review. First, the Complaint does not comply with Federal Rule of Civil Procedure 10, which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This rule is important. It enables defendants to respond to each factual claim, which alerts the court and the parties to the

factual claims that are in dispute. Norfleet presents each of his three counts in narrative paragraphs. To proceed with this action, Norfleet must organize his factual allegations into separate, numbered paragraphs.

Second, the Complaint asserts unrelated claims against multiple defendants. Norfleet's claims cannot be joined together in a single action because they did not arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). "A plaintiff may set forth only related claims in one civil rights complaint." *Rosado v. Nichols*, 2:18-CV-195-JES-MRM, 2017 WL 1476255, at *6 (M.D. Fla. 2017). As the Seventh Circuit observed, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The Court discerns three counts in Norfleet's Complaint: (1) jail officials refused to respond to a grievance, (2) Norfleet has been denied the opportunity to meet with an attorney, and (3) jail officials retaliated against Norfleet for submitting grievances. Because these claims arise out of difference occurrences, Norfleet may only pursue one of them in this case.

Norfleet's first count appears frivolous. Inmates have no constitutionally protected interest in a grievance procedure, so officials' failure to answer Norfleet's grievance does not support a claim under 42 U.S.C. § 1983. *See*

*Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir 2006). Norfleet's second claim does not include any factual allegations suggesting the jail or jail officials are the reason he has not met with an attorney. If Norfleet elects to pursue this claim, he must plead with significantly more specificity. Norfleet's third claim states that certain officers harassed him because he submitted grievances. To proceed on that claim, Norfleet must name the individual officers as defendants rather than the jail. *See Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014) ("supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability").

To continue with this action, Norfleet must file an amended complaint that states his factual allegations in separate, numbered paragraphs. Norfleet's claims arise from separate factual circumstances, so he can only pursue one in this action. To pursue more than one unrelated claim, Norfleet must file separate complaints.

Accordingly, it is now

**ORDERED:**

Plaintiff Tino Norfleet's Complaint (Doc. 1) is **DISMISSED without prejudice**. Norfleet may file an amended complaint by **March 21, 2024. Otherwise, the Court will enter judgment and close this case.**

**DONE** and **ORDERED** in Fort Myers, Florida on March 7, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

4